In the Matter of C_____ R_____ N_____, a child under the age of 17 years, by his next friend, C_____ N_____.

No. KCD26821.

Missouri Court of Appeals, Kansas City District.

Nov. 5, 1973.

T. E. Lauer, John J. Brazil, National Juvenile Law Center, St. Louis, for petitioner.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM and SOMERVILLE, JJ.

SWOFFORD, Judge.

This is an original proceeding in habeas corpus wherein the petitioner asserts that he is unlawfully and illegally confined in the State Training School for Boys at Boonville, Missouri by virtue of a commitment order of the Circuit Court of the City of St. Louis, Juvenile Division. He seeks our writ commanding his release from such custody.

This matter is now before us upon respondent's return to our writ, petitioner's reply thereto, the attachments thereto, and the briefs of the parties. There is no dispute as to the essential facts necessary for our decision, and such may be summarized as follows:

The petitioner was born April 9, 1957 and at the time of the commencement of the juvenile proceedings involved he was 15 years of age.

On February 4, 1972, in a dispositional proceeding in the Juvenile Division of the Circuit Court of the City of St. Louis, it was ordered that petitioner be committed to the St. Louis Division of Children's Services at Missouri Hills, that the commitment be suspended, and that petitioner be placed in the custody of his father, under supervision of the court.

On May 10, 1972, a hearing was held before the Commissioner of the said Juvenile Court, who recommended that the original dispositional order be modified to provide 1) that the petitioner be committed to the State Board of Training Schools and that such commitment be suspended, and 2) that the petitioner be placed in the custody of the St. Louis Division of Children's Services at Missouri Hills. His recommendation was approved and adopted by the court.

On November 17, 1972, the petitioner was returned to the custody of his father as provided in the original commitment order of February 4, 1972.

On May 7, 1973, petitioner was taken into custody by the St. Louis Metropolitan Police Department and placed in the Juvenile Detention Center. Two days later, on May 9, 1973, the Legal Officer of the Juvenile Court of the City of St. Louis filed an affidavit that petitioner had been apprehended by the police and "charged with burglary" and thereby had violated the rules of supervision imposed upon him in the order of May 10, 1972, a year before.

On the following day, May 10, 1973, without notice to petitioner, his parents or his attorney; without any hearing before any judge or other judicial officer or the receipt of any evidence; without any showing of probable cause that the petitioner had in fact violated the rules of supervision or had committed any offense, and with no attempt to ascertain whether it was in petitioner's best interests or those of the state that he be committed—the court ordered that the suspended commitment of May 10, 1972 be executed.

The petitioner was thereupon transported to the State Training School for Boys at Boonville, Missouri where he remains and from which he seeks release under our writ.

He raises as grounds for this request the points that the Juvenile Court had no authority to enter the alternative order of May 10, 1972, i. e. commitment and suspension *and* custody to Division of Children's Services, and that in ordering the execution of the suspended commitment order on May 10, 1973 the court violated the mandatory provisions of Section 211.211 RSMo 1969, V.A.M.S., requiring notice and hearing, the needs of the juvenile and the state, and the juvenile's constitutional right to due process of law.

We have recently, sitting as the court *en banc*, passed upon these very same legal problems in a case of first impression in which the facts were, in all essential details, the same as those now before us. In the Matter of A_____ N_____, By His Next Friend, D_____ J. J_____, decided October 1, 1973, Mo.App., 500 S.W.2d 284.[1]

In A_____ N_____, we held that, since the juvenile courts are courts of limited statutory jurisdiction, and Chapter 211 RSMo 1969 does not grant it the power to suspend a commitment order (except in cases involving an appeal) nor to grant probation or parole, it could not do so. We further held that Section 211.211 RSMo 1969, V.A.M.S. was mandatory, that before commitment a juvenile must have an opportunity to have and be represented by counsel at a hearing, and a failure to afford this protection not only violated the statute but offended the basic constitutional rights of due process and fair treatment. Our decision in the case of In re A—— N—— is controlling here.

We can only add, as we did in that opinion, that the juvenile courts should perhaps be given the specific authority to suspend commitments or grant paroles (as such courts enjoy in New York, Ohio and other states). But if this is to be done, it must result from legislative enactment and not judicial decision.

For the reasons herein stated, the petitioner is remanded to the Circuit Court of the City of St. Louis, Juvenile Division, for such further proceedings as are in accordance with this opinion and the best interests of said juvenile and of the state, and the Superintendent of the State Training School for Boys, Boonville, Missouri, is ordered and directed to deliver the body of the petitioner forthwith to the Marshal of this Court for execution of our mandate.

All concur.

---

1. See also In the Interest of K___ W. B___, a child under seventeen years of age, an opinion of this court rendered October 1, 1973, 500 S.W.2d 275.